**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


CARPENTER PROPERTIES, INC.                                                    PLAINTIFF

VS.                                              Civil Action No. 3:07-cv-278-HTW-LRA


COLLEGIATE FUNDING SERVICES, LLC                                            DEFENDANT


## ORDER AND OPINION

Before this court are plaintiff Carpenter Properties, Inc.'s ("Carpenter") Motion to

Substitute Party Defendant [Docket No. 70] and Motion for Summary Judgment[1]

[Docket No. 76]. Also before this court is defendant Collegiate Funding Services, LLC's

("CFS") Motion for Summary Judgment also filed pursuant to Rule 56 of the Federal

Rules of Civil Procedure [Docket No. 74].[2] This court has subject matter jurisdiction

over this case based on the diversity of citizenship between all parties and because the

amount in controversy exceeds the sum of $75,000, exclusive of the interest and cost,

Title 28 U.S.C. § 1332.[3]

---

[1] Fed. R. Civ. P. 56 provides, in pertinent part: "(a) [a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."

[2] Fed. R. Civ. P. 56 provides, in pertinent part: "(b) [a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

[3] Title 28 U.S.C. § 1332 states, in pertinent part, that "(a) [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ."

## I. <u>Facts and Procedural Background</u>[4]

Plaintiff entered into a brokerage relationship with defendant whereby Carpenter agreed to assist CFS in locating space for CFS' operations. Plaintiff successfully located several properties for the defendant's use. Among the properties presented to CFS was a "ground-up build to suit facility" to be constructed by Dick Ambrosino/ Parkway Development ("Ambrosino").

During the summer of 2005, Carpenter informed defendant that it wished to terminate the agency relationship between the two. As this was prior to reaching an agreement to lease any space, the parties entered into a contract where the defendant agreed to recognize and protect Carpenter's commissions with respect to specific properties located by plaintiff, including a lease or "ground-up build to suit facility," in the event that CFS entered into a lease, or build to suit agreement, involving such properties on or before February 10, 2007.[5]

CFS entered into a lease agreement or build to suit agreement with Dick Ambrosino/Parkway Development and/or related entities on or about November 2006. CFS did not notify Carpenter of this agreement. Plaintiff argues that CFS has not made any effort to protect Carpenter's commissions in connection with such transaction.

Plaintiff sued in the Circuit Court of Hinds County, Mississippi. The case was subsequently removed to the federal court. Carpenter accuses CFS of breach of

---

[4] Facts as laid out in the Complaint

[5] The date is part of what is in dispute. CFS maintains that the agreement it sent to Carpenter had the date as February 10, 2006 and any change of date represented a counter-offer that was not accepted by the defendant.

contract.  Plaintiff demands judgment of, from, and against CFS in an amount equal to four percent of the gross payments to be made by CFS to Dick Ambrosino/ Parkway Development (or assigns) over the term of the agreement between them.  Carpenter also demands a commission equal to two percent of the gross rental paid in connection with such property upon the exercise of any option to continue the lease agreement.  Plaintiff also demands pre-judgment interest, punitive damages in an amount not to exceed ten times the actual damages recovered against the defendant, reasonable attorneys fees, and such relief to which plaintiff may be entitled in the premises.

On May 21, 2008, plaintiff filed the Motion to Substitute Party Defendant.  On June 10, 2008, defendant filed a Motion for Summary Judgment.  On that same date, plaintiff filled a Motion for Summary Judgment.

## II. <u>Plaintiff's Motion to Substitute Party Defendant</u>
[Docket No. 70]

Plaintiff brought this suit against CFS, with whom it conducted business in 2005.  Since that time, CFS was acquired by J P Morgan Chase Bank, NA ("Chase").  Plaintiff contends that while CFS and its parent company may exist as "shell entities" (Docket No. 95), they are now defacto parts of Chase.  Additionally, they argue that this motion is timely as plaintiff learned the "truth" about the merger of CFS's balance sheet only two weeks before it filed this motion.  Carpenter argues that the appropriate party to this action is Chase and requests that the court substitute Chase.  The court grants the motion to substitute Chase as the defendant.

### III.  Motions for Summary Judgment

**A. Legal Standard**

The court should grant plaintiff's Motion for Summary Judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c));  *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  In determining whether there exists a genuine dispute as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).  The court makes all reasonable inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150;  "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner,* 476 F.3d at 343 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

**B. Defendant's Motion for Summary Judgment**  [Docket No. 74]

Defendant moves for summary judgment on the issue of whether a contract exists.  CFS argues that no valid, enforceable contract exists in this case.  Defendant also argues that it did not breach any contractual obligation to Carpenter, that plaintiff has no basis to recover the full commission requested and that punitive damages are inappropriate.  As these issues are characterized by material disputes of fact, summary judgment is denied.

**C. Plaintiff's Motion for Summary Judgement** [Docket No. 76]

Plaintiff moves for summary judgment on the breach of contract claim and for judgment declaring the market rate brokerage commission on the lease in question to be four percent of the gross aggregate rental paid. The court denies summary judgment since this lawsuit features material disputes of fact.

## VII. Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's Motion to Substitute Defendant is granted [Docket No. 70]. Defendant's Motion for Summary Judgment is denied [Docket No. 74]. Lastly, plaintiff's Motion for Summary Judgment is denied [Docket No. 76].

**SO ORDERED, this the 8th day of April, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Civil Action: 3:07-cv-278-HTW-LRA
Order Denying Summary Judgment- Plaintiff
Order Granting Motion to Substitute Party Defendant
Order Denying Summary Judgment- Defendant